UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

October 7, 2022

LETTER TO ALL COUNSEL OF RECORD

Re:   *Shawn S., v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 21-3180-BAH

Dear Counsel:

On December 15, 2021, Plaintiff Shawn S. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2021). I have considered the record in this case, ECF 10, the parties' cross-motions for summary judgment, ECFs 13 and 14, and Plaintiff's reply, ECF 15. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY Plaintiff's motion, GRANT Defendant's motion, and AFFIRM the Commissioner's decision. This letter explains why.

   I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI") benefits on August 13, 2015, alleging a disability onset of March 25, 2014. Tr. 295–301. Plaintiff's claim was denied initially and on reconsideration. Tr. 123, 130. On June 5, 2018, an Administrative Law Judge ("ALJ") held a hearing. Tr. 50–83. Following the hearing, on July 5, 2018, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame. Tr. 27–49. The Appeals Council denied Plaintiff's request for review, Tr. 6–10, so the ALJ's decision became the final, reviewable decision of the SSA.

Plaintiff then filed an action seeking review of the ALJ's decision in this Court. *See Shawn S. v. Berryhill*, No. 19-01188-DLB (D. Md. filed Apr. 23, 2019). On July 17, 2020, then-United States Magistrate Judge Deborah Boardman remanded the case to the Commissioner for further proceedings. Tr. 642–47. On September 15, 2020, the Appeals Council vacated the final decision of the Commissioner and another ALJ hearing was ordered. Tr. 639. That hearing occurred on March 23, 2021. Tr. 592–629. The ALJ issued an opinion on April 21, 2021, finding Plaintiff not disabled. Tr. 564–90. The Appeals Council again denied Plaintiff's request for review. Tr. 557–60. Accordingly, the ALJ's April 21, 2021, decision constitutes the final, reviewable decision of

---

[1] 42 U.S.C. §§ 301 et seq.

*Shawn S. v. Kijakazi*
Civil No. 21-3180-BAH
October 7, 2022
Page 2

the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II. THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. § 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since August 13, 2015. Tr. 569. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "back disorder (diagnosed 6/2020), obesity, anxiety, Borderline Intellectual Functioning, affective disorders, learning disability, and schizophrenia (20 CFR 416.920(c))." Tr. 569. The ALJ also determined that Plaintiff suffered from several non-severe impairments including edema, thyroid disorder, hyperlipidemia, and asthma. Tr. 570. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926)." Tr. 571. Despite Plaintiff's impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform:

> medium work as defined in 20 CFR 416.967(c) except she is further limited to frequently climbing ramps and stairs, occasionally climbing ladders, ropes or scaffolds, frequently balancing, stooping, kneeling, crouching or crawling. She cannot work around unprotected heights or dangerous machinery. She is further limited to understanding, remembering and applying simple and routine instructions and attending and concentrating for extended periods with simple and routine tasks at work that is not at production pace (meaning no strict production requirements or rapid assembly line work where co-workers are side by side and the work of one affects the work of others). She can occasionally interact with the general public, coworkers and supervisors. She can make simple, work-related decisions and can have few changes in the routine work setting.

Tr. 575. The ALJ determined that Plaintiff has no past relevant work. Tr. 583. However, the ALJ determined that given "the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a))." Tr. 583. Specifically, the ALJ determined that

Shawn S. v. Kijakazi
Civil No. 21-3180-BAH
October 7, 2022
Page 3

Plaintiff could perform the requirements of "Industrial Cleaner (D.O.T.#: 381.687-018)," [2] "Hand Packager (D.O.T.#: 920.587-018)," "laundry worker (DOT # 361.685-018)," and "Laborer, Stores (D.O.T.#: 922.687-058)." Tr. 584. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 584.

### III.  LEGAL STANDARD

A disability determination must be affirmed so long as the agency applied correct legal standards and the factual findings are supported by substantial evidence. *Britt v. Saul*, 860 F. App'x 256, 259 (4th Cir. 2021) (citing *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015)). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019)). "It consists of 'more than a mere scintilla of evidence but may be somewhat less than a preponderance.'" *Id.* (quoting *Craig*, 76 F.3d at 589).

### IV.  ANALYSIS

Plaintiff raises one over-arching issue on appeal, specifically that the ALJ erroneously failed to provide a sufficient RFC including Plaintiff's limitations on "concentration, persistence, and pace." ECF 13-1 at 9–19. Plaintiff acknowledges that this argument is identical to the one Plaintiff successfully raised before Judge Boardman when this matter was last before this Court. *Id.* at 11. Plaintiff concedes that the ALJ attempted to cure the defect identified by Judge Boardman but alleges that the ALJ's "efforts were materially flawed and remain unsupported by substantial evidence." *Id.*

Plaintiff's first sub-argument hinges on one paragraph included in Plaintiff's RFC in which the ALJ attempted to explain how a restriction to "understanding, remembering, and applying simple and routine instructions" might help to address a moderate limitation in "concentration, persistence, and pace." Tr. 583. In the challenged paragraph, the ALJ notes that an individual might be unable to perform "detailed work," such as "analyzing numbers and inputting numerical data into a system" because such work "is going to require better concentration for extended periods" of time. Tr. 583. However, the ALJ continued, "an individual" could, "for example, buff[] a floor, which allows for an individual's mind to wander to some degree, while still performing the buffing task adequately." Tr. 583. "As understood in this way," the ALJ concluded, "a restriction to understanding, remembering and applying simple and routine

---

[2] The "DOT" is shorthand for the Dictionary of Occupational Titles. The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

instructions, when considered more deeply, does assist with concentration, persistence or maintaining pace limitations." Tr. 583.

Plaintiff challenges this paragraph as a "vocational opinion" that the ALJ was not qualified to render. ECF 13-1, at 1. Plaintiff contends that the ALJ was speaking directly to Plaintiff's limitations, and thus should have asked the vocational expert ("VE") to explain and define "detailed work as it relates to concentration," in order to ascertain a more accurate list of jobs that Plaintiff could perform. *Id.* Instead, Plaintiff alleges that the ALJ manufactured a definition (and corresponding limitation) "out of thin air," and thus "erred by citing her own vocational assessment as substantial evidence to support her conclusion that 'a restriction to understanding, remembering and applying simple and routine instructions' sufficiently accommodates Plaintiff's limitations maintaining concentration, persistence, or pace." *Id.* (citing Tr. 583).

Defendant counters that the ALJ properly accounted for Plaintiff's moderate limitations in concentration, persistence, and pace in the hypothetical and in the RFC. ECF 14-1, at 6. As to the ALJ's own vocational assessment, Defendant argues that these "hypothetical limitations" were "dicta regarding a further, unnecessary, interpretation of how these limitations might relate to certain aspects of work activity." *Id.* at 9. Defendant argues that the ALJ's statement regarding "detailed work" was a meaningless detour and "it in no way undermines the discussion [the ALJ] already provided, which indicates the specific limitation she found, and how it is accommodated within the [RFC]." *Id.*

As a threshold matter, it is unclear whether the challenged paragraph was addressing Plaintiff's specific limitations or, as Defendant asserts, was meaningless "dicta" offered to further explain how a limitation on certain types of directions might address a limitation on concentration, persistence, and pace. At no point in the paragraph is Plaintiff specifically mentioned as the paragraph references only a generalized "individual." Further, the paragraph seems to address limitations on concentration and persistence, both areas where the ALJ determined that Plaintiff had no limitations. Tr. 582 ("As to concentration and persistence, the claimant has not made significant allegations in these areas, has specifically indicated the ability to start and complete tasks, and she has been largely found to be within normal ranges in these areas. As such, the undersigned does not find it necessary to provide restrictions for concentration or persistence."). Thus, there is strong support for the argument that this paragraph was little more than an "unnecessary" discussion with no impact on Plaintiff's RFC.

Even if the paragraph was specific to Plaintiff, I do not find that it constitutes error. A short summary of the history of this case shows why. The parties both acknowledge that the challenged RFC was an attempt to address Judge Boardman's explicit instructions on remand. Previously, a different ALJ found that Plaintiff had a "moderate" limitation in "maintaining concentration, persistence, and pace," but only provided an RFC limitation on "simple, routine, repetitive work in an environment with few, if any, workplace changes." Tr. 643. In *Mascio*, the Fourth Circuit held that a moderate limitation in "concentration, persistence, or pace" must be accompanied by a limitation addressing the ability to "stay on task," or a detailed explanation as to why no such limitation is needed. *Mascio*, 780 F.3d at 638. Since the ALJ failed to include such a limitation or an explanation as to why none was needed, Judge Boardman ordered remand.

Tr. 646.

On remand, the ALJ clarified that "the record does not support any more than mild concentration or persistence limitations[.]" Tr. 573. However, the ALJ determined that Plaintiff did have a "moderate" limitation as to "pace." Tr. 573. As such, the ALJ expanded Plaintiff's RFC by limiting Plaintiff "to understanding, remembering and applying simple and routine instructions and attending and concentrating for extended periods with simple and routine tasks[.]" Tr. 575. The ALJ also limited Plaintiff to making "simple, work-related decisions," Tr. 575, as well as to "understanding, remembering and applying simple and routine instructions," and performing "simple and routine tasks at work," Tr. 582. The ALJ also added a limitation that Plaintiff could "not [work] at production pace (meaning no strict production requirements or rapid assembly line work where co-workers are side by side and the work of one affects the work of others)." Tr. 575.

This final limitation related to assembly line work was likely added in response to Judge Boardman's remand order and, standing alone, satisfied the need to address Plaintiff's moderate limitation on "concentration, persistence, and pace." *See April K. v. Kijakazi*, No. 21-1538-BAH, 2022 WL 2793048, at *5 (D. Md. July 15, 2022) ("Missing from Plaintiff's argument is the fact that the ALJ did account for Plaintiff's limitations in 'maintaining concentration, persistence, and pace' by determining that Plaintiff can only work at a 'consistent pace, but not at a production pace, such as on an assembly line or work involving monthly or hourly quotas.'"). Of course, the ALJ also added an additional concentration, persistence, and pace-based limitation to "understanding, remembering and applying simple and routine instructions." Tr. 582. Both limitations were included in the hypothetical offered to the VE. Tr. 622.

Plaintiff does not seriously challenge the inclusion of these two limitations in the hypothetical or the RFC.[3] Instead, Plaintiff alleges that the explanation offered for the instruction limitation went beyond the boundaries of the ALJ's expertise. Specifically, Plaintiff claims that this "occupational assessment" did not originate with the DOT or from the VE, and was simply "unqualified conjecture" that necessitates remand. ECF 15, at 2. I disagree.

First, the ALJ's statements had no impact on the RFC and instead represented an attempt to explain *why* a limitation on "understanding, remembering and applying simple and routine instructions" was added. As noted, this limitation came in response to Judge Boardman's order that the ALJ either add a limitation to address a deficit in "concentration, persistence, and pace," or explain why one was not needed. That the ALJ decided to both—add a limitation and explain

---

[3] Such a challenge would be futile. Indeed, the limitation on following instructions that is the target of Plaintiff's appeal is arguably not supported by the record, and thus unnecessary, because the lone moderate limitation found by the ALJ was to Plaintiff's ability to maintain "pace." Tr. 573 ("While the record does not support any more than mild concentration or persistence limitations, due to the claimant's noted processing speed problems, she is considered to have a moderate limitation in pace, and therefore is limited in concentration, persistence or pace to moderate."). As noted, this limitation is adequately addressed by the prohibition on assembly-line work.

it—is not error. It was arguably unnecessary, since Plaintiff's moderate impairment related to "pace" was already addressed through a different limitation on assembly-line work. Most importantly, since the limitation on "understanding and applying simple and routine instructions" is based in substantial evidence and generally unchallenged, it is hard to fathom why an *explanation* for its inclusion, however flawed, would require remand. *See Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe the remand might lead to a different result.").

I also do not agree that ALJ's observation as to how a limitation on instructions might address a deficit in "concentration, persistence, and pace" required an expert's opinion. To the contrary, the ALJ was simply offering a commonsense observation of the kind an ALJ is permitted to make. *See, e.g.*, *Geisler v. Comm'r, Soc. Sec. Admin.*, No. SAG-14-2857, 2015 WL 4485459, at *2 (D. Md. July 21, 2015) ("For example, common sense dictates that if Mr. Geisler is incapable of reading, he also cannot be expected to perform a job that involves writing."). I also note that the regulatory framework cited by Plaintiff does not require that an ALJ's discussion of the type of work a claimant can perform be entirely based on the DOT or the testimony of a VE. Instead, the relevant regulation notes that an ALJ determining whether jobs exist in the national economy will take "notice of" the DOT, among other sources, and, when determining "whether [a claimant's] work skills can be used in other work and the specific occupations in which they can be used, . . . *may* use the services of a vocational expert or other specialist."[4] 20 C.F.R. § 416.966(e)[5] (emphasis added).

Simply put, the ALJ addressed Plaintiff's impairments, accommodated them in the RFC, and then offered an arguably unnecessary explanation for one of those accommodations. The ALJ consulted the VE and presented hypotheticals including the challenged limitation. This is precisely what an ALJ is required to do. *See Shinaberry v. Saul*, 952 F.3d 113, 122 (4th Cir. 2020) ("In sum . . . the ALJ in this case addressed Shinaberry's lifelong, borderline intellectual disability, including her moderate limitations in concentration, persistence, or pace[,] explained why the psychological evidence and Shinaberry's statements support a mental limitation to simple, routine, and repetitive tasks[, a]nd included the mental limitation in the hypothetical question posed to the vocational expert."). As such, I find no error in the ALJ's discussion of "detailed work."

Plaintiff's second sub-argument is that the ALJ's limitation to "detailed work"—however flawed and baseless—should have been incorporated into hypotheticals to the VE and resulted in a finding that Plaintiff can only perform jobs with a General Education Development ("GED")

---

[4] The other regulation cited by Plaintiff, SSR 00-4p, provides that the ALJ "has an affirmative responsibility to ask [a VE] about any possible conflict between [the VE's] evidence and . . . the DOT." SSR 00–4p, 2000 WL 1898704, at *4 (Dec. 4, 2000). Plaintiff attempts to manufacture a conflict between the Plaintiff's GED Reasoning Level and the RFC, which the Court rejects later in this opinion.

[5] Plaintiff cited to 20 C.F.R. § 404.1566, the analogous regulation that governs Title II applications. Because Plaintiff here filed under Title XVI, 20 C.F.R. § 416.966 governs.

level of 1.  ECF 13-1, at 17.[6]  Plaintiff avers that such a finding is supported by the findings of "the State agency psychological consultants" who opined that Plaintiff can only remember and understand "short and simple instructions[.]" *Id.* (citing Tr. 102).  Defendant counters that the ALJ did not find that a limitation to understanding "short" instructions, and one is not warranted on this record.  ECF 14-1, at 11.  Accordingly, the RFC and questioning of the VE were "consistent with the regulations and supported by substantial evidence."  ECF 14-1, at 11.  I agree.

GED Level 2 jobs require that a claimant can "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions."  DOT, App. C, 1991 WL 688702.  In *Thomas v. Berryhill*, the Fourth Circuit held that a claimant who is "limited to short, simple instructions, may not be able to carry out detailed but uninvolved instructions" as required to perform GED Level 2 work.  916 F.3d 307, 314 (4th Cir. 2019). Plaintiff's argument hinges on my finding that limitations on "applying simple and routine instructions," Tr. 575, on making "simple, work-related decisions," Tr. 582, and on performing "detailed work," Tr. 583, all found by the ALJ, are indistinguishable from limitation on the application of "short, simple instructions" as discussed in *Thomas*.  Thus, even assuming that the ALJ's reference to "detailed work" was directed at Plaintiff and implicated GED levels at all,[7] a finding that Plaintiff can perform GED Level 2 jobs is only appropriate if the inability to perform detailed *work*, which is not included in the description of GED Level 2 work, is indistinguishable from the inability to understand and carry out detailed *instructions*, which is.

Fortunately, the Fourth Circuit has spoken on this exact issue.  Applying *Thomas*, and contrary to Plaintiff's argument here, the Fourth Circuit has found that there *is* a meaningful difference between a limitation to jobs involving "short, simple *instructions*," and work that limits a claimant to "simple, routine, repetitive *tasks*."  *Lawrence v. Saul*, 941 F.3d 140, 141 (4th Cir. 2019) (emphasis added).  Focusing on the fact that the claimant in *Thomas* was limited to "short" instructions, the Fourth Circuit determined that "short" means something different than "detailed" because "detail and length are highly correlated." *Id.* at 143.  Thus, the *Lawrence* Court held that the performance of "jobs limited to 'simple, routine repetitive tasks of unskilled work'" is not inconsistent with a GED Reasoning Level 2.  *Id.*

Here, the ALJ limited Plaintiff to the "understanding, remembering, and applying" of "simple and routine" instructions *and* the performance of "simple and routine" tasks.  Tr. 575.

---

[6] Though Plaintiff earlier challenged the basis for the ALJ's additional explanation, Plaintiff's second argument relies on it being true.  ECF 13-1, at 17 ("This explanation regarding Plaintiff's inability to perform "detailed" work is supported by substantial evidence, as the record indeed confirms that Plaintiff suffers limitations with understanding and remembering 'detailed' instructions.").

[7] As previously discussed, it is not clear that the ALJ intended to limit Plaintiff to non-detailed work.  Instead, the ALJ offered a generic explanation of how a limitation on certain types of instructions, if needed, might address a deficit on concentration, persistence, and pace.  ECF 14-1, at 10–11.

This finding is consistent with *Lawrence*. What mattered in *Lawrence* was the absence of a limitation on "short" instructions, a limitation that similarly is not present in Plaintiff's RFC. *See Lawrence*, 941 F.3d at 143. In fact, the lone reference to such a limitation is only found in a report by a state agency consultant and not explicitly adopted by the ALJ. Tr. 102.[8] Thus, as with the claimant in *Lawrence*, the ALJ here found that Plaintiff can perform jobs limited to "simple and routine instructions" and "simple and routine tasks." Tr. 575; *see Lawrence*, 941 F.3d at 143 (noting that the ALJ found the claimant able to "perform jobs limited to 'simple, routine, repetitive tasks of unskilled work'"). Such a limitation is not inconsistent with "Level 2's notions of 'detailed but uninvolved . . . instructions' and tasks with 'a few [ ] variables.'" *Lawrence*, 941 F.3d at 143 (citing DOT, App. C, 1991 WL 688702).

It is true that there are decisions holding that limitations quite similar to Plaintiff's preclude GED Level 2 jobs. *See Johnson v. Berryhill*, No. 5:17-CV-548-FL, 2019 WL 1294643, at *3 (E.D.N.C. Mar. 20, 2019) ("The court sees no meaningful distinction between short, simple instructions and simple and routine tasks."); *Grier v. Berryhill*, No. 1:18-1605-JMC-SVH, 2019 WL 2061588, at *14 (D.S.C. Mar. 13, 2019), *report and recommendation adopted sub nom. Grier v. Comm'r of Soc. Sec. Admin.*, No. 1:18-CV-01605-JMC, 2019 WL 1723601 (D.S.C. Apr. 18, 2019) (finding a limitations on the performance of "simple routine tasks," "understand[ing], remember[ing] and follow[ing] simple instructions," "mak[ing] simple work-related decisions," and "tolerat[ing] routine changes in [the] work setting" limited a claimant to jobs with "a GED reasoning level of one[.]"). However, these cases pre-dated *Lawrence* and presented different facts and claimant limitations than are present here. In any event, Plaintiff's argument that the inability to perform "detailed work" is the same thing as the inability to carry out "detailed instructions" did not survive *Lawrence*, and I find no error in the ALJ's analysis as to this point.[9]

Plaintiff concludes by arguing that the ALJ should have found "Plaintiff is only capable of

---

[8] Though the ALJ gave some portions of the report of the state agency consultants "great weight," this assessment of weight was specifically applied to findings related to "B1, B2, B3, and B4 criterion." Tr. 581. The ALJ made no finding as to the statement that Plaintiff is "capable of understanding and remembering short and simple instructions." Tr. 102. Moreover, the state agency consultant found that "[w]hile [Plaintiff] may have a mental impairment, it does not appear to be of a disabling proportions[, and Plaintiff] appears capable of performing simple, unskilled repetitive assignments [and] tasks in a setting [with] limited public interaction." Tr. 102. This statement makes no mention of limitations on instructions and generally comports with the requirements of a GED Level 2 job.

[9] Remand would not ensue on this point even if *Lawrence* had not been decided. The ALJ repeatedly stated that the only moderate limitation Plaintiff suffered was a limitation on maintaining "pace." Tr. 573, 582. Thus, even if it was error to treat "detailed work" differently than "detailed instructions," it doesn't necessarily follow that remand is warranted as the ALJ sufficiently explained why Plaintiff could perform work at GED Level 2 despite this limitation and included a separate, pace-based limitation on assembly line work.

*Shawn S. v. Kijakazi*
Civil No. 21-3180-BAH
October 7, 2022
Page 9

'understanding and remembering short and simple instructions[.]'" ECF 15, at 11 (citing Tr. 102). The bulk of this argument comes in Plaintiff's reply brief, which ordinarily would preclude this Court's review. *See Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief or by failing to '"develop [its] argument"—even if [its] brief takes a passing shot at the issue.'" (quoting *Brown v. Nucor Corp.*, 785 F.3d 895, 923 (4th Cir. 2015) (Agee, J. dissenting))). Regardless, though Plaintiff does point out numerous pieces of evidence shedding light on Plaintiff's ability to concentrate, Plaintiff ignores that the ALJ similarly cited to, and discussed, evidence addressing the same issue and ultimately determined that Plaintiff's concentration was not severely limited. Tr. 578–82.

"This court does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ,' we defer to the Commissioner's decision." *Fiske v. Astrue*, 476 F. App'x 526, 527 (4th Cir. 2012) (quoting *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam)). Although reasonable minds may differ as to whether Plaintiff's concentration impairment rises to the level of needing an additional RFC limitation, the Court defers to the ALJ's determination because it is supported by substantial evidence.

## V.   CONCLUSION

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 13, is DENIED and Defendant's motion for summary judgment, ECF 14, is GRANTED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.


Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge